| | |
|---|---|
| 1 | |
| 2 | **EHLERS LAW CORPORATION**<br>WESLEY C.J. EHLERS (SBN 181537)<br>BRIDGET C. BEATER (SBN 204041) |
| 3 | 2600 Capitol Avenue, Suite 320<br>Sacramento, CA 95816-5930 |
| 4 | Telephone: (916) 442-0300<br>Facsimile: (916) 650-1039 |
| 5 | e-mail: wes@ehlerslawcorp.com<br>e-mail: bridget@ehlerslawcorp.com |
| 6 | |
| 7 | **FREEMAN & FUSION**<br>Mark T. Freeman, Esq. (Pending PVH) |
| 8 | 2126 21st Avenue South<br>Nashville, TN 37212 |
| 9 | Phone: (615) 298-7272<br>Fax: (615) 298-7274 |
| 10 | e-mail: mark@freemanfuson.com |
| 11 | Attorneys for: Defendant CHANDLER WELLING |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SKYLAB VENTURES INC. a Utah corporation, and WELLING MEDIA, LLC, a Delaware limited liability company,<br><br>  Plaintiff,<br><br>  v.<br><br>WKND DIITAL, a California corporation, and CHANDLER WELLING, an individual,<br><br>  Defendants. | Case No. 21-CV-01945 KJM AC<br><br>**ANSWER TO COMPLAINT AND COUNTER-CLAIM**<br><br>**JURY TRIAL DEMANDED** |

Comes now Chandler Welling (herein after referred to as "Defendant"), by and through Counsel, and hereby answers the Complaint of Plaintiffs SkyLab Ventures, Inc. ("SkyLab") and Welling Media, LLC ("Welling") (collectively the "Plaintiffs") as follows:

1

1. Defendant admits that the allegations made by the Plaintiffs are as stated in Paragraph 1 of the Complaint, but Defendant denies said allegations.

2. Defendant denies the allegations in Paragraph 2 of the Complaint.

3. The first sentence of Paragraph 3 of the Complaint is denied; the remaining allegations in Paragraph 3 of the Complaint are generally admitted.

4. Defendant denies the allegations in Paragraph 4 of the Complaint.

5. Defendant denies the allegations in Paragraph 5 of the Complaint.

6. Defendant denies the allegations in Paragraph 6 of the Complaint.

7. Defendant denies the allegations in Paragraph 7 of the Complaint.

8. Defendant denies the allegations in Paragraph 8 of the Complaint.

9. Defendant denies the allegations in Paragraph 9 of the Complaint.

10. The Defendant admits in general to the allegations in Paragraph 10 of the Complaint.

11. The first sentence of Paragraph 11 of the Complaint is denied. The remaining allegations in Paragraph 11 of the Complaint are admitted.

12. Defendant lacks sufficient knowledge, information, or belief to admit the allegations in Paragraph 12 of the Complaint and thereon denies the same.

13. The Defendant admits in general to the allegations in Paragraph 13 of the Complaint.

14. Defendant denies the allegations in Paragraph 14 of the Complaint.

15. Defendant incorporates by this reference all responses to all preceding paragraphs in the complaint as though set forth in full herein.

16. Defendant lacks sufficient knowledge, information, or belief to admit the allegations in Paragraph 16 of the Complaint and thereon denies the same.

17. Defendant denies the allegations in Paragraph 17 of the Complaint.

18. Defendant lacks sufficient knowledge, information, or belief to admit the allegations in Paragraph 18 of the Complaint and thereon denies the same.

19. Defendant lacks sufficient knowledge, information, or belief to admit the allegations in Paragraph 19 of the Complaint and thereon denies the same.

ANSWER AND COUNTER-CLAIM

20. Defendant incorporates by this reference all responses to all preceding paragraphs in the complaint as though set forth in full herein.

21. The Defendant admits in general to the allegations in Paragraph 21 of the Complaint.

22. The Defendant admits in general to the allegations in Paragraph 22 of the Complaint.

23. The Defendant admits in general to the allegations in Paragraph 23 of the Complaint.

24. The Defendant admits in general to the allegations in Paragraph 24 of the Complaint.

25. Defendant denies the allegations in Paragraph 25 of the Complaint.

26. The Defendant admits in general to the allegations in Paragraph 26 of the Complaint.

27. Defendant denies the allegations in Paragraph 27 of the Complaint.

28. The Defendant admits in general to the allegations in Paragraph 28 of the Complaint.

29. The Defendant admits in general to the allegations in Paragraph 29 of the Complaint.

30. Defendant denies the allegations in Paragraph 30 of the Complaint.

31. Defendant denies the allegations in Paragraph 31 of the Complaint in that Defendant's access to both Plaintiffs' information is not accurate and Defendant had no access to trade secret information. All other allegations in Paragraph 31 are denied.

32. Defendant does not remember executing an NDA so until he can review documents that Plaintiffs have to support this allegation, the Defendant is denying the allegations in Paragraph 32 of the Complaint.

33. The Defendant admits in general to the allegations in Paragraph 33 of the Complaint.

34. The Defendant admits in general to the allegations in Paragraph 34 of the Complaint.

35. Defendant denies the allegations in Paragraph 35 of the Complaint.

36. The Defendant admits in general to the allegations in Paragraph 36 of the Complaint, except that Defendant denies he is an employee of WKND, as he is an independent contractor.

37. Defendant is aware that the downloads took place but not the specifics as set forth in Paragraph 37 of the Complaint. It is Defendant's understanding that what would have been downloaded would have been client content that belonged to the client and was necessary for Ms. Scheffe to complete work already paid for by the client. As a result, beyond the fact that downloads

took place, Defendant lacks sufficient knowledge, information, or belief to admit the allegations in Paragraph 37 of the Complaint and thereon denies the remainder of the allegations therein.

38. Defendant lacks sufficient knowledge, information, or belief to admit the allegations in Paragraph 38 of the Complaint and thereon denies the same.

39. Defendant lacks sufficient knowledge, information, or belief to admit the allegations in Paragraph 39 of the Complaint and thereon denies the same.

40. The Defendant admits that Scheffe quit her employment; Based on information and belief, Scheffe is an independent contractor.

41. Defendant denies the allegations in Paragraph 41 of the Complaint.

42. Defendant lacks sufficient knowledge, information, or belief to admit the allegations in Paragraph 42 of the Complaint and thereon denies the same.

43. Defendant denies the allegations in Paragraph 43 of the Complaint.

44. Defendant lacks sufficient knowledge, information, or belief to admit the allegations in Paragraph 44 of the Complaint and thereon denies the same.

45. Defendant lacks sufficient knowledge, information, or belief to admit the allegations in Paragraph 45 of the Complaint and thereon denies the same.

46. Defendant lacks sufficient knowledge, information, or belief to admit the allegations in Paragraph 46 of the Complaint and thereon denies the same.

47. Admitted that Drake quit her employment; Based on information and belief, Drake is an independent contractor.

48. Defendant denies the allegations in Paragraph 48 of the Complaint.

49. Defendant denies the allegations in Paragraph 49 of the Complaint.

50. Defendant denies the allegations in Paragraph 50 of the Complaint.

51. Defendant admits only that the email was sent, and denies the remainder of the allegations in Paragraph 51 of the Complaint.

52. Defendant denies the allegations in Paragraph 52 of the Complaint.

53. The Defendant admits to removing the server. All other allegations in Paragraph 53 of the Complaint are denied.

54. Defendant denies the allegations in Paragraph 54 of the Complaint.

55. Defendant admits that a conversation took place, but it was a lengthy conversation, and until Defendant can receive a transcript of the recording (if one exists), Defendant cannot admit to the remaining allegations. As a result, beyond a conversation taking place, Defendant lacks sufficient knowledge, information, or belief to admit the allegations in Paragraph 55 of the Complaint and thereon denies the remainder of the allegations therein.

56. The Defendant admits in general to the allegations in Paragraph 56 of the Complaint.

57. The Defendant admits in general to the allegations in Paragraph 57 of the Complaint.

58. Defendant denies the allegations in Paragraph 58 of the Complaint.

59. Defendant lacks sufficient knowledge, information, or belief to admit the allegations in Paragraph 59 of the Complaint and thereon denies the same.

60. Defendant denies the allegations in Paragraph 60 of the Complaint.

61. Defendant denies the allegations in Paragraph 61 of the Complaint.

62. Defendant denies the allegations in Paragraph 62 of the Complaint.

63. Defendant denies the allegations in Paragraph 63 of the Complaint.

64. Defendant denies the allegations in Paragraph 64 of the Complaint.

65. Defendant lacks sufficient knowledge, information, or belief to admit the allegations in Paragraph 65 of the Complaint and thereon denies the same.

66. Defendant lacks sufficient knowledge, information, or belief to admit the allegations in Paragraph 66 of the Complaint and thereon denies the same.

67. Defendant denies the allegations in Paragraph 67 of the Complaint.

68. Defendant denies the allegations in Paragraph 68 of the Complaint.

69. Defendant denies the allegations in Paragraph 69 of the Complaint.

70. Defendant lacks sufficient knowledge, information, or belief to admit the allegations in Paragraph 70 of the Complaint and thereon denies the same.

71. Defendant denies the allegations in Paragraph 71 of the Complaint.

72. Defendant denies the allegations in Paragraph 72 of the Complaint.

73. Defendant denies the allegations in Paragraph 73 of the Complaint.

74. Defendant denies the allegations in Paragraph 74 of the Complaint.

75. Defendant denies the allegations in Paragraph 75 of the Complaint.

76. Defendant incorporates by this reference all responses to all preceding paragraphs in the complaint as though set forth in full herein.

77. Defendant lacks sufficient knowledge, information, or belief to admit the allegations in Paragraph 77 of the Complaint and thereon denies the same.

78. Defendant lacks sufficient knowledge, information, or belief to admit the allegations in Paragraph 78 of the Complaint and thereon denies the same.

79. Defendant lacks sufficient knowledge, information, or belief to admit the allegations in Paragraph 79 of the Complaint and thereon denies the same.

80. Defendant lacks sufficient knowledge, information, or belief to admit the allegations in Paragraph 80 of the Complaint and thereon denies the same.

81. Defendant denies the allegations in Paragraph 81 of the Complaint.

82. Defendant denies the allegations in Paragraph 82 of the Complaint.

83. Defendant denies the allegations in Paragraph 83 of the Complaint.

84. Defendant denies the allegations in Paragraph 84 of the Complaint.

85. Defendant denies the allegations in Paragraph 85 of the Complaint.

86. Defendant denies the allegations in Paragraph 86 of the Complaint.

87. Defendant denies the allegations in Paragraph 87 of the Complaint.

88. Defendant denies the allegations in Paragraph 88 of the Complaint.

89. Defendant denies the allegations in Paragraph 89 of the Complaint.

90. Defendant denies the allegations in Paragraph 90 of the Complaint.

91. Defendant incorporates by this reference all responses to all preceding paragraphs in the complaint as though set forth in full herein.

92. Defendant lacks sufficient knowledge, information, or belief to admit the allegations in Paragraph 92 of the Complaint and thereon denies the same.

93. Defendant lacks sufficient knowledge, information, or belief to admit the allegations in Paragraph 93 of the Complaint and thereon denies the same.

ANSWER AND COUNTER-CLAIM

94. Defendant lacks sufficient knowledge, information, or belief to admit the allegations in Paragraph 94 of the Complaint and thereon denies the same.

95. Defendant lacks sufficient knowledge, information, or belief to admit the allegations in Paragraph 95 of the Complaint and thereon denies the same.

96. Defendant denies the allegations in Paragraph 96 of the Complaint.

97. Defendant denies the allegations in Paragraph 97 of the Complaint.

98. Defendant denies the allegations in Paragraph 98 of the Complaint.

99. Defendant denies the allegations in Paragraph 99 of the Complaint.

100. Defendant denies the allegations in Paragraph 100 of the Complaint.

101. Defendant denies the allegations in Paragraph 101 of the Complaint.

102. Defendant denies the allegations in Paragraph 102 of the Complaint.

103. Defendant incorporates by this reference all responses to all preceding paragraphs in the complaint as though set forth in full herein.

104. Defendant lacks sufficient knowledge, information, or belief to admit the allegations in Paragraph 104 of the Complaint and thereon denies the same.

105. Defendant denies the allegations in Paragraph 105 of the Complaint.

106. Defendant denies the allegations in Paragraph 106 of the Complaint.

107. Defendant denies the allegations in Paragraph 107 of the Complaint.

108. Defendant denies the allegations in Paragraph 108 of the Complaint.

109. Defendant denies the allegations in Paragraph 109 of the Complaint.

110. Defendant denies the allegations in Paragraph 110 of the Complaint.

111. Defendant incorporates by this reference all responses to all preceding paragraphs in the complaint as though set forth in full herein.

112. Defendant lacks sufficient knowledge, information, or belief to admit the allegations in Paragraph 112 of the Complaint and thereon denies the same.

113. Defendant denies the allegations in Paragraph 113 of the Complaint.

114. Defendant denies the allegations in Paragraph 114 of the Complaint.

115. Defendant denies the allegations in Paragraph 115 of the Complaint.

116. Defendant denies the allegations in Paragraph 116 of the Complaint.

117. Defendant denies the allegations in Paragraph 117 of the Complaint.

118. Defendant denies the allegations in Paragraph 118 of the Complaint.

119. Defendant denies the allegations in Paragraph 119 of the Complaint.

120. Defendant denies the allegations in Paragraph 120 of the Complaint.

121. Defendant incorporates by this reference all responses to all preceding paragraphs in the complaint as though set forth in full herein.

122. Defendant lacks sufficient knowledge, information, or belief to admit the allegations in Paragraph 122 of the Complaint and thereon denies the same.

123. Defendant denies the allegations in Paragraph 123 of the Complaint.

124. Defendant denies the allegations in Paragraph 124 of the Complaint.

125. Defendant denies the allegations in Paragraph 125 of the Complaint.

126. Defendant denies the allegations in Paragraph 126 of the Complaint.

127. Defendant incorporates by this reference all responses to all preceding paragraphs in the complaint as though set forth in full herein.

128. Defendant lacks sufficient knowledge, information, or belief to admit the allegations in Paragraph 128 of the Complaint and thereon denies the same.

129. Defendant denies the allegations in Paragraph 129 of the Complaint.

130. Defendant denies the allegations in Paragraph 130 of the Complaint.

131. Defendant denies the allegations in Paragraph 131 of the Complaint.

132. Defendant denies the allegations in Paragraph 132 of the Complaint.

133. Defendant denies the allegations in Paragraph 133 of the Complaint.

134. Defendant denies the allegations in Paragraph 134 of the Complaint.

135. Defendant incorporates by this reference all responses to all preceding paragraphs in the complaint as though set forth in full herein.

136. Defendant lacks sufficient knowledge, information, or belief to admit the allegations in Paragraph 136 of the Complaint and thereon denies the same.

137. Defendant denies the allegations in Paragraph 137 of the Complaint.

138. Defendant denies the allegations in Paragraph 138 of the Complaint.

139. Defendant denies the allegations in Paragraph 139 of the Complaint.

140. Defendant incorporates by this reference all responses to all preceding paragraphs in the complaint as though set forth in full herein.

141. Defendant denies the allegations in Paragraph 141 of the Complaint.

142. Defendant denies the allegations in Paragraph 142 of the Complaint.

143. Defendant denies the allegations in Paragraph 143 of the Complaint.

144. Defendant denies the allegations in Paragraph 144 of the Complaint.

145. Defendant incorporates by this reference all responses to all preceding paragraphs in the complaint as though set forth in full herein.

146. The Defendant admits in general to the allegations in Paragraph 146 of the Complaint.

147. Defendant denies the allegations in Paragraph 147 of the Complaint.

148. Defendant denies the allegations in Paragraph 148 of the Complaint.

149. Defendant denies the allegations in Paragraph 149 of the Complaint.

150. Plaintiff's prayer for relief is hereby denied.

151. Defendant requests a jury to try this matter to the extent allowed.

### DEFENDANT'S DEFENSES

#### First Defense

Plaintiffs fail to state a claim upon which relief may be granted.

#### Second Defense

Plaintiffs, through express agreement and conduct, have waived, and/or are estopped from asserting, the claims asserted against Defendant.

#### Third Defense

Plaintiffs' claims are barred by the applicable statutes of limitation.

#### Fourth Defense

Plaintiffs' claims are barred by the equitable doctrines of unclean hands and laches.

### Fifth Defense

Plaintiffs are barred from recovering any damages from Defendant due to their failure to mitigate any damages they may have suffered from any act attributable to Defendants.

### Sixth Defense

Defendant is entitled to any and all offsets for amounts owed to him by Plaintiffs.

### Seventh Defense

Defendant alleges that the damages or injury suffered by Plaintiff, if any, with respect to the matters alleged in the Complaints we caused and/or contributed to by the negligence, recklessness, actions, omissions or fault of parties or non-parties other than Defendant, including without limitation, Plaintiffs.

### Eight Defense

Plaintiffs are not entitled to punitive damages because the punitive damages sought by Plaintiffs violate due process and equal protection considerations and are otherwise unconstitutional.

### Ninth Defense

Defendant alleges that the conduct of Defendants did not cause or contribute to the alleged injuries and damages of Plaintiffs, if any, in this action, or that intervening event(s) cut off any such causation, if any.

### Tenth Defense

Defendant alleges that Plaintiffs' claims are barred, in whole or in part, because any actions taken with respect to Plaintiff were based upon an honest, reasonable, good faith belief in the facts as known and understood at the time.

### Eleventh Defense

Defendant is informed and believes and thereon alleges that he committed no wrongful acts as to Plaintiffs and, therefore, is not responsible for the damages to Plaintiffs, if any.

### Twelfth Defense

Defendant is informed and believes and thereon alleges that any business information he has used was not misappropriated from Plaintiffs, but rather, developed by Defendant or already public information.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant prays for judgement as follows:

1. That Plaintiffs take nothing by way of the Complaint or any of its purported claims for relief;

2. That the Complaint be dismissed with prejudice in its entirety;

3. That Defendant be awarded its reasonable attorneys' fees and costs of the suit incurred herein to the extent permitted by law; and

4. That Defendant be awarded such other and further relief as the Court may deem just and proper.

**COUNTER-CLAIM OF CHANDLER WELLING**

Comes now Defendant, Chandler Welling, as Counter-Claimant and seeks damages against the Plaintiff/Counter Defendants based on the facts and allegations set forth herein:

**FACTS**

1. In or around October 2020, Counter-Defendant SkyLab Ventures, Inc. ("SkyLab") entered into serious negotiations with Counter-Claimant Chandler Welling ("Welling") for SkyLab to acquire Welling Media, LLC.

2. Originally, Welling was apprehensive about entering into an agreement with SkyLab due to financial aspects of the deal.

3. As part of negotiations, Jesse Silva on behalf of SkyLab represented and offered (1) that because SkyLab had acquired enough business, that its revenue would double within thirty (30) days of the acquisition, resulting in Welling making an extra $10,000.00 a month; and (2) Mr. Sylva on behalf of SkyLab promised Welling that he would earn between $10,000 to $50,000 a month in consulting work per client, and Silva represented that there would be many clients that Welling could do consulting for. Neither statement was true when it was made, and Counter-Defendants knew when the representations and promises were made that they were false and/or had no

reasonable basis to believe them to be true, and Counter-Defendants had no intention of performing on their promises at the time they were made. These misrepresentations and promises were made by Mr. Silva on behalf of Counter-Defendants in order to induce Mr. Welling to enter into the APA and employment agreement. Mr. Welling would not have entered into those agreements without those promises.

4. As a result of SkyLab's representations in Paragraph 3, Welling entered into an Asset Purchase Agreement and Employment Agreement with SkyLab. The Employment Agreement provides in relevant part:

**Role.** Vice President of Marketing & Growth. In this role you will be principally accountable to drive growth of Welling Media's core business, lead specific growth initiatives within the SkyLab portfolio and client, and drive top-of-funnel leads for SkyLab Ventures (investment deals and advisory opportunities. And at the outset, of course, you'll lead the SkyLab marketing/brand launch, which we are stoked about. You will report to Jesse Silva & Benson Metcalf and work closely with our entire team.

**Base Salary.** $250,000, which includes the cost of one of the three vehicles currently leased by Welling Media.

**Revenue Share.** 5% of gross collected revenue (i.e. paid invoices).

**Advisory Fees.** As Skylab Ventures builds its advisory practice, we will develop a fee sharing structure with you and other senior contributors to ensure you see value from the additional time required to serve our clients. This program will be defined with your input as we get underway.

**Company Vehicles.** Additionally, Skylab will pay for the leases of the other two vehicles (or equivalent) currently leased by Welling Media.

5. After a number of weeks of employment with SkyLab, Welling had not received any payments. He began to suspect that SkyLab was not in the financial state that it had claimed.

6. SkyLab had represented, and the Employment Agreement states, that Welling was to lead the marketing/brand launch. However, Immediately, SkyLab redirected Welling away from Welling Media.

7. In addition, Mr. Silva actively worked to sabotage Welling's employment with SkyLab.

8. After a few months, Welling learned that Welling Media was not profitable, and Welling had to work to get Welling Media back to profitability. Nevertheless, Mr. Sylva was pulling so much money out of Welling Media that it made it difficult, if not impossible, to operate.

9. In or around October 2021, Welling resigned from SkyLab.

10. Mr. Welling is owed salary, reimbursement of expenses, and commissions in excess of $100,000.00.

## CAUSES OF ACTION

Welling incorporates all paragraphs above as if set forth fully below in all Causes of Action.

## FIRST CAUSE OF ACTION

## FRAUD IN THE INDUCEMENT/FALSE PROMISE

## Against SkyLab Ventures, Inc. and Welling Media, LLC

11. SkyLab's representations in Paragraph 3 were false when made.

12. SkyLab's representations were material to the transaction. Welling would not have entered into the Employment Agreement without SkyLab's representations.

13. Upon information and belief, SkyLab had knowledge of the statements' falsity or utter disregard for their truth when it made these representations to Welling. Upon further information and belief, Counter-Defendants had no intention of performing on their promises to Counter-Claimant at the time they were made.

14. Upon information and belief, SkyLab intended to induce Welling's reliance on the statements to induce Welling to enter into the APA and the Employment Agreement. Welling's connections, reputation, and access to deal flow were beneficial to SkyLab.

15. Welling's reliance on SkyLab's representations and promises was reasonable under the circumstances. Welling had no reason to believe that SkyLab was not in the financial or profitable position that it represented. Furthermore, Welling had no reason to doubt that he would be making the monies promised.

16. As a result of Welling's reliance on SkyLab's representations, Welling has suffered damages including loss in salary, commission, and expenses in excess of $100,000, as well as the loss of a profitable company that was generating substantial revenue.

## SECOND CAUSE OF ACTION

## BREACH OF CONTRACT

### Against SkyLab Ventures, Inc. and Welling Media, LLC

17. The parties entered into a valid and enforceable contract on November 15, 2020, the Employment Agreement.

18. SkyLab breached this Contract by failing to substantially perform under the Contract. Specifically, SkyLab failed to pay Welling (1) all of his base salary, (2) revenue, (3) advisory fees, and (4) compensation for company vehicles.

19. As a proximate result of Counter-Defendants' breaches, Welling has suffered damages including, but not limited to, loss in salary, commission, and expenses in excess of $100,000.

## THIRD CAUSE OF ACTION

## BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

### Against SkyLab Ventures, Inc. and Welling Media, LLC

20. The parties entered into a valid and enforceable contract in November 2020, the Employment Agreement.

21. As it pertains to the performance of the Contract, the parties owed each other a duty of good faith and fair dealing, in which the parties impliedly agreed that neither party would do anything which would deprive the other of the benefits of the agreement.

22. SkyLab breached this covenant by failing to employ good faith efforts in its employment of Welling and intentionally set out to deprive Welling of his benefits under the Agreement. Specifically, SkyLab set out to remove Welling from the business and failed to uphold its Agreement with Welling by failing to pay substantially under the Agreement.

23. As a proximate result of Skylab's breach of this covenant, Welling has suffered damages including, but not limited to, loss in salary, commission, and expenses in excess of $100,000.

## PRAYER FOR RELIEF

WHEREFORE, Counter-Claimant prays for judgment in his favor and requests the following relief:

24. That a jury trial be held on all causes of action contained herein;

25. That Counter-Claimant be granted a judgement against the Counter-Defendant for compensatory damages and consequential damages in an amount to be determined at trial based on the evidence;

26. That compensatory damages also include lost wages and lost profits;

27. That Counter-Defendants be taxed with the costs of this civil action, including attorneys' fees, discretionary costs, and expenses as appropriate; and

28. All other specific and general relief to which Counter-Claimant may be entitled, as this Court may deem appropriate.

Dated: January 21, 2022

Respectfully Submitted,

EHLERS LAW CORPORATION
WESLEY C.J. EHLERS
2600 Capitol Avenue, Suite 320
Sacramento, CA  95816-5930

By:  Wesley C.J. Ehlers
Attorney for Defendant CHANDLER WELLING